UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVID HOWER,

                Petitioner,              Case No. 2:25-cv-13158
                                     Honorable Linda V. Parker

v.

ERIC RARDIN,

                Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Michael David Hower (Petitioner), confined at the Federal Correctional Institution in Milan, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he alleges that the Bureau of Prisons (BOP) erroneously placed him in "decline status" because he refused to participate in the Sex Offender Treatment Program at an out-of-state facility. While Petitioner concedes that he is ineligible to receive First Step Act (FSA) time credits, he argues that he has since been denied other privileges as a result, including telephone privileges. (ECF No. 1.) Respondent filed a motion to dismiss the petition, contending that the claims are unexhausted and non-cognizable on habeas review.  (ECF No. 8.)  Hower filed a response.  (ECF No. 10.)  For the reasons that

follow, Respondent's motion to dismiss is GRANTED and the petition for writ of habeas corpus is DISMISSED.

## I.  Background

In 2009, Petitioner pleaded guilty to sexual exploitation of a child and receipt of child pornography and was sentenced to 420 months of imprisonment in the United States District Court for the Western District of Michigan.  *See United States v. Hower*, No. 1:08-cr-00084, ECF No. 70 (W.D. Mich. Dec. 3, 2009).  He is presently confined at FCI-Milan.

On October 7, 2025, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner states that in July of 2025, he was placed in "decline status" for refusing to participate in a Sex Offender Treatment Program. (ECF No. 1, PageID.1.)  He says that the program coordinator made the decline status notation in his SENTRY file after he refused to participate in the program at an out-of-state facility.  However, he informed the coordinator that he would participate if the program was offered at FCI-Milan. (*Id.*)

Petitioner concedes that his current conviction renders him ineligible under the FSA to earn time credits toward his early release. (*Id.*); *See also* 18 U.S.C. § 3632(d)(4)(D)(xxxix) and (xlii). However, he maintains that being placed in "decline status" has affected his ability to receive time credits in the future, pending a change in legislation, and to continue his FSA privileges.  Petitioner also

alleges that the BOP exceeded its authority under the FSA by changing his SPARC-13 cognition needs status.  (ECF No. 1 at PageID.1-2.)  He claims this act was done in retaliation.  Petitioner does not seek immediate or speedier release, rather he asks the Court to "order the BOP to change his FSA 'Cognitions Need' back to 'Cognitions No Need', remove all 'NOTES,' documents or any other label that places him or suggests that he is or ever was in SOTP or FSA decline/refusal[.]" (*Id*. at PageID.3.)  Respondent contends that all claims are unexhausted and non-cognizable.

## II.  Legal Standard

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within the respective jurisdictions."  28 U.S.C. § 2241(a).  Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)); *United States v. Mauro*, 436 U.S. 340 (1978)).  An incarcerated state prisoner may use § 2241 to challenge the execution of a sentence or the manner in which a sentence is being served, or to raise claims generally pertaining to the computation of parole or sentencing credits. *See Ali v. Tennessee Bd. of Pardon & Paroles*, 431 F.3d 896 (6th Cir. 2005).

3

Because Petitioner is appearing pro se, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). "However, this Court may dismiss the Petition at any time, or make such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief." *Fitzgerald v. Merlak*, No. 4:18 CV 286, 2018 WL 2952661, at *1 (N.D. Ohio June 11, 2018) (citing *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)).

### III.   Discussion

#### A. Exhaustion

The Sixth Circuit has indicated that "the habeas exhaustion requirement is not without exception," nor "statutorily required." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 236, 235 (6th Cir. 2006). "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either 'excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.'" *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (quoting *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), abrogated in part on other grounds by *Reno v. Koray*, 515 U.S. 50 (1995)). Dismissal of habeas corpus petition without prejudice is inappropriate, where any further attempt by a prisoner to exhaust the Bureau of

4

Prison's administrative procedures would be futile.  *See Bauer v. Henman*, 731 F. Supp. 903, 906 (S.D. Ill. 1990).

Respondent argues that the petition is subject to dismissal because Petitioner has failed to exhaust his administrative remedies prior to initiating this habeas action.  However, the Court will not address the exhaustion requirement because Petitioner's claims do not warrant habeas corpus relief, and it would be a waste of time and resources to require exhaustion of administrative remedies or to address Petitioner's arguments regarding his attempts to exhaust. The Court therefore excuses the exhaustion requirement and will proceed to address the merits of the claims.

**B. Merits**

Petitioner's claims are non-cognizable in habeas review because his petition challenges the conditions of his confinement rather than the execution of his sentence.  A § 2241 habeas petition is not the appropriate vehicle to challenge conditions of confinement.  *See Velasco v. Lamanna*, 16 F. App'x 311, 314 (6th Cir. 2001).  These types of claims may not be brought under 28 U.S.C. § 2241 because this statutory section is reserved for challenges to the execution of a sentence and may not be used to challenge the validity of a conviction or the conditions of confinement.  *Id*.  Instead, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under

the color of federal law.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971).

Petitioner's claim that the BOP placed him in "decline status" for refusing to participate in the Sex Offender Treatment Program at a different facility does not relate to the execution of his sentence.  (ECF No. 1, PageID.1.)  Nor does the claim that the BOP failed to comply with the FSA when changing his SPARC-13 cognition needs status.  (ECF No. 10, PageID.85.)  Both arguments are non-cognizable in habeas review because they amount to a challenge to the conditions of his confinement.  *See In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013); *see In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013); *see Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1971 (2020) ("Claims so far outside the 'core' of habeas may not be pursued through habeas.") (citing *Skinner v. Switzer*, 562 U.S. 521, 535, n. 13 (2011)); *Cortez v. Fed. Bureau of Prisons*, No. 2:22-CV-10430, 2022 WL 4491057, at *2 (E.D. Mich. Sept. 27, 2022) ("A § 2241 habeas petition is not the appropriate vehicle for a prisoner to challenge the conditions of his confinement.") (citing *Velasco v. Lamanna*, 16 F. App'x 311, 314 (6th Cir. 2001)).

Petitioner concedes that he is ineligible to receive any time credits (FTCs) under the FSA because of his conviction.  Because Petitioner is not entitled to any FTCs, his arguments regarding his participation in the Sex Offender Treatment Program, or any other rehabilitative program, solely concern his conditions of

6

confinement and will not affect the duration of his time incarcerated.  Thus, § 2241 is not the proper vehicle to raise these challenges.

Likewise, his claim that he is being denied current and future FSA incentives and time credits as a result of opting out of the recommended Sex Offender Treatment Program is non-cognizable in habeas review. "[A]n inmate cannot challenge the loss of non-custodial privileges by way of a habeas petition because the loss of such privileges has only a speculative or incidental effect on the length of a prisoner's sentence and is not close to the core of habeas corpus." *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718-19 (E.D. Mich. 2007) (quotation marks and citations omitted) (concluding that the denial of telephone privileges is a claim that should be brought in a civil rights action and not a habeas petition).

Other courts have found that similar challenges to the BOP's denial of incentives under the FSA cannot be reviewed under Section 2241.  *See Fischer v. Napier*, No. 23-12230-FDS, 2023 WL 8190787, at *2 (D. Mass. 2023) (dismissing Section 2241 petition challenging denial of incentive awards under FSA, finding that such a claim did not challenge validity or duration of confinement such that plaintiff did not state a claim upon which relief can be granted); *Bonnie v. Dunbar*, No. 4:23-00158-HMH-TER, 2023 WL 2248965, at *2 (D.S.C. Jan. 19, 2023) (finding BOP's denial of incentive award payments cannot be reviewed under 28 U.S.C. § 2241), adopted, 2023 WL 2248321 (D.S.C. Feb. 27, 2023).

Given that Petitioner does not state any claim affecting the fact or duration of his confinement, the Court grants Respondent's motion and the habeas petition is dismissed. Petitioner is free to pursue a civil rights complaint on the issues he raises in this habeas petition pursuant to *Bivens*.  *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

### IV.    Conclusion

For the reasons stated, the Court **GRANTS** Respondent's Motion to Dismiss and **DISMISSES** the petition.  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. This case is closed.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 12, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 12, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager